UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FRANK R. McCOOL

    Plaintiff,

v.

CARNIVAL CORPORATION

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendants and alleges:

**I. PRELIMINARY ALLEGATIONS**

1. Plaintiff is a citizen of the state of Georgia and the Defendant Carnival Corporation (hereinafter "CARNIVAL") is a corporation under the laws of Panama having its principal place of business in Florida.

2. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. Defendant, CARNIVAL, at all time material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or country;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of CARNIVAL set out in this Complaint occurred in whole or in part in this country and/or state;

    f. CARNIVAL was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

4. Defendant CARNIVAL is subject to the jurisdiction of the Court of this State.

5. At all time material hereto, Defendant CARNIVAL, owned, operated, managed, maintained and/or controlled the vessel Carnival Victory.

6. On or about February 26, 2012, Plaintiff was a paying passenger on the Inspiration which was in navigable waters.

7. While aboard the vessel Victory, the Plaintiff suffered serious personal injuries when the Plaintiff fell while exiting his cabin bathroom due to a poorly marked change in floor level and a non-functioning light switch.

## COUNT I - NEGLIGENCE AGAINST CARNIVAL

8. Plaintiff reallege, adopt, and incorporate by reference the allegation in paragraphs 1 through 7 as though alleged originally herein.

9. It was a duty of CARNIVAL to provide Plaintiff with a reasonable or ordinary care under the circumstances.

10. On or about February 26, 2012, CARNIVAL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable or ordinary care under the circumstances.

11. Plaintiff was injured due to the fault and/or negligence of CARNIVAL and/or its agents, servants, joint ventures and/or employees as follows:

    a. Failure to provide safe flooring surface in cabin; and/or

    b. Failure to adequately mark and/or warn of change in floor level in cabin; and/or

    c. Failure to adequately maintain light switches in cabin in working condition; and/or

    d. Failure to implement ADA standards and requirements for public facilities aboard ship in subject cabin;

    All of which caused or contributed to the Plaintiff becoming injured while exiting his cabin bathroom due to a poorly marked change in floor level and a non-functioning light switch.

12. At all material times, CARNIVAL had exclusive custody and control of the vessel Carnival Victory.

13. At all times material hereto, CARNIVAL negligently failed to determine the cabin change in floor level posed to the Plaintiff, failed to eliminate or modify the hazard and failed to properly warn Plaintiff of the hazard. In addition, CARNIVAL violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the Plaintiff to be injured.

14. CARNIVAL knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that CARNIVAL in the exercise

of reasonable care under the circumstances should have learned of them and corrected them.

15. As a result of the negligence of CARNIVAL, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post traumatic stress disorder and other mental and/or nervous disorder, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

**Wherefore**, the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

> LIPCON, MARGULIES, ALSINA
> & WINKLEMAN, P.A
> Attorneys for Plaintiff
> Suite 1776, One Biscayne Tower
> Miami, Florida 33131
> Telephone: (305) 373-3016
> Fax: (305) 373 – 6204
>
> By: _____
> JASON R. MARGULIES
> FLORIDA BAR NO. 57916